**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

_____

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| BANGOR & AROOSTOOK RAILROAD COMPANY[1] | ) | Case No. 01-11565 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| JAMES E. HOWARD, CHAPTER 11 TRUSTEE, | ) | |
| | ) | |
| BANGOR AND AROOSTOOK RAILROAD COMPANY, | ) | Adv. No. 04-_____ |
| | ) | |
| and | ) | |
| | ) | |
| CANADIAN AMERICAN RAILROAD COMPANY, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CANADIAN NATIONAL RAILWAY COMPANY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WATERLOO RAILWAY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT**

Plaintiff, James E. Howard ("Plaintiff" or "Trustee"), trustee of the Chapter 11 estates of Bangor and Aroostook Railroad Company ("BAR") and Canadian American Railroad Company ("CDAC"), alleges as follows:

---

[1] The following entitles are also debtors: Canadian American Railroad Company ("CDAC"), Chapter 11 Case No. 02-10858, Logistics Management Systems, Inc. ("LMS"), Chapter 11 Case No. 02-10864, Newport & Richford Railroad Company ("N&R"), Chapter 11 Case No. 02-10856, The Northern Vermont Railroad Company, Incorporated ("NVT"), Chapter 11 Case NO. 02-10857, and Van Buren Bridge Company ("VBB"), Chapter 11 Case No. 02-10865.

## SUMMARY OF RELIEF SOUGHT

In this action ("Adversary Proceeding"), the Trustee seeks (a) a judgment against Canadian National Railway Company ("CN") avoiding certain fraudulent transfers and awarding damages to the Trustee, (b) a judgment against CN avoiding certain preferential and unauthorized post-petition transfers and awarding damages to the Trustee, and (c) a judgment against CN in respect of certain accounts payable owed by CN to BAR and CDAC in the total amount of at least $301,081.49.

## PARTIES

1.   The Trustee is the duly appointed trustee of the bankruptcy estates of BAR and CDAC. On August 15, 2001 (the "BAR Petition Date"), an involuntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et. seq. (the "Code") was filed against BAR. On December 4, 2001, this Court entered an order for relief under Chapter 11 of the Code. On May 14, 2002, CDAC filed a voluntary petition for relief under Chapter 11 of the Code.

2.   BAR and CDAC are corporations organized under the laws of the State of Maine.

3.   Defendant CN is a corporation existing under the laws of Canada. Defendant Waterloo Railway Company ("Waterloo") is a corporation existing under the laws of the State of Delaware.

## JURISDICTION

4.   This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1334(b) and (e) and the standing order of the United States District Court for the District of Maine dated August 1, 1982, pursuant to which all cases filed in Maine under Title 11 are automatically referred to this Court. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C.

§§ 157(b)(2)(A), (B), (C), (E), (F), (H), and (O) in which the Court has full power and authority to enter a final order. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## COUNT I

## AVOIDANCE OF FRAUDULENT TRANSFERS, 11 U.S.C. §§548, 550, 551.

5. The Trustee realleges and incorporates by reference the preceding paragraphs of this Complaint.

6. Within one year prior to the BAR Petition Date, BAR, CN, and Waterloo executed the following agreements (collectively, the "Contracts", copies of which are attached hereto): (a) a Junction Settlement Agreement dated as of March 1, 2001 ("Junction Agreement", attached as Exhibit A); (b) a Trackage Rights Agreement dated as of March 1, 2001 ("Trackage Agreement", attached as Exhibit B); and (c) an Easement Agreement dated as of March 15, 2001 ("Easement", attached as Exhibit C).

7. In accordance with the Junction Agreement, CN paid BAR $5 million, and BAR and CN agreed that for a period of five years certain freight revenue receivables which prior thereto had been payable to BAR by Fraser Papers Company ("Fraser") for shipments to and from Fraser at its facility in Madawaska, Maine would thereafter be diverted and paid to CN. In accordance with the Trackage Agreement, BAR granted CN trackage rights for a term of 99 years enabling CN to serve Fraser's facility at Madawaska directly. Prior to the Trackage Agreement, BAR had the exclusive right to provide service to Fraser at Madawaska. By exercising its rights under the Trackage Agreement, CN had the ability to divert even greater amounts of freight revenue receivables from BAR to CN not only during the five-year term of the Junction Agreement but for the 99 year term of the Trackage Agreement. Thus, the effect of the Junction Agreement and the Trackage Agreement was to transfer freight revenue receivables

of BAR having a present value in March, 2001 of at least $13 million to CN in exchange for the payment by CN to BAR of $5 million.

8.  BAR received less than a reasonably equivalent value in connection with the transfer effectuated by the Contracts. BAR was insolvent on the date the transfer was made or became insolvent as a result of such transfer.

9.  Such transfer occurred within one year prior to the BAR Petition Date and constitutes a fraudulent transfer that is voidable by the Trustee. The value of such transfer is automatically preserved for the benefit of the estate. 11 U.S.C. §§548, 550, 551.

10. The Trustee is entitled to recover from Defendants CN and Waterloo the value of the property transferred by BAR. 11 U.S.C. § 550.

## COUNT II

## FRAUDULENT TRANSFERS
## 14 M.R.S.A. § 3571 et seq. AND 11 U.S.C. § 544

11. The Trustee realleges and incorporates by reference the preceding paragraphs of this Complaint.

12. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid a transfer of an interest of the Debtor in any property if the transfer is voidable under applicable law by a creditor holding an unsecured claim that is allowed under 11 U.S.C. § 502. At all relevant times such a creditor actually existed. The Maine Uniform Fraudulent Transfer Act, 14 M.R.S.A. §§ 3571 through 3582, constitutes applicable state law pursuant to which the Trustee may avoid the transfer that occurred in accordance with the Contracts.

13. 14 M.R.S.A. § 3575 is an applicable state law that reads in part as follows:

Transfers fraudulent as to present and future creditors.

1. **Fraudulent Transfer**. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

   A. With actual intent to hinder, delay or defraud any creditor of the debtor; or

   B. Without receiving a reasonably equivalent value in exchange for the transfer or obligations and the debtor:

   (1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

   (2) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as the debts became due.

14. 14 M.R.S.A. § 3576(1) is applicable state law that reads in part as follows:

**Transfers without receipt of reasonably equivalent value**. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

15. Under the applicable state law cited above, the transfer described in paragraph 7 above is voidable by the Trustee as a fraudulent transfer, and its value is automatically preserved for the benefit of the BAR Estate. 14 M.R.S.A. §§ 3575, 3576; 11 U.S.C. §§ 544(b), 550, 551.

16. Defendants are also liable for, and the Trustee is entitled to recover for the benefit of the Estate, double the amount of the transfer and any additional damages incurred as a result of the fraudulent transfer described above. 14 M.R.S.A. § 3578; 11 U.S.C. § 550.

## **COUNT III**

### **RECOVERY OF PREFERENTIAL PAYMENTS**
### **11 U.S.C. §§ 547, 550 AND 551**

17. The Trustee realleges and incorporates by reference the preceding paragraphs of this Complaint.

18. Subsequent to March 2001, BAR and CN implemented the Contracts by diverting freight revenue receivables of BAR to CN in order to repay the $5 million advanced by CN to BAR plus interest. For each car shipped to or from the Fraser facility at Madawaska, BAR received approximately $500 less than it had received prior to the Contracts, and CN received approximately $500 more.

19. CN filed proofs of claim in these proceedings in which it seeks to recover the $5 million advance, plus interest of $4,084,670. CN stated in its proof of claim as follows:

> CN asserts that it is owed prepetition secured debt in the amount of $9,084,670.00. Of that amount, CN has received payments with respect to its return on investment of $1,462,774.00 through April 15, 2002, leaving a balance due and owing of $5,000,000 principal and interest of $2,621,896.00. The foregoing amounts are based upon five years of payments pursuant to the Loan Documents with CN retaining from each carload moved into or out of the Fraser facility an additional $466 per car, with 3,899 carloads of annual traffic.

20. Between May 19, 2001 (90 days before the BAR Petition Date) and the January 9, 2003 sale of substantially all of the debtors' assets to Montreal, Maine & Atlantic Railway, Ltd. ("MMA"), CN received payments totaling $3,496,892, in the form of diverted freight revenue receivables of BAR, in respect of the antecedent debt represented by the $5 million advance.

21. 11 U.S.C. § 547 empowers the Trustee to avoid all transfers of an interest of the debtor in property (a) transferred to or for the benefit of a creditor of the debtor; (b) transferred for or on account of an antecedent debt owed by the debtor before such transfer was made; (c) made while the debtor was insolvent; (d) made on or within 90 days before the BAR Petition

-6-

Date; and (e) that would enable the creditor to receive more than it would have received if the transfers had not been made and the creditor received payment of the debt to the extent provided by the provisions of Chapter 7 of the Code.

22. The transfers that occurred during the Preference Period totaled $522,791.00 (the "Preferential Transfers") and constitute transfers of an interest of the Debtor in property that

    (a) were made to or for the benefit of CN, a creditor of BAR as defined in 11 U.S.C. § 101 (5), (10), and (12);

    (b) were made for or on account of an antecedent debt owed by the Debtor before such transfer was made;

    (c) were made while BAR was insolvent; and

    (d) enabled CN to receive more than it would have received if (i) this were a case under Chapter 7 of title 11; (ii) the Preferential Transfers had not been made; and (iii) CN received payment to the extent provided by the provisions of title 11.

23. The Preferential Transfers may be avoided as preferences under 11 U.S.C. § 547.

24. The value of the Preferential Transfers is automatically preserved for the benefit of the estate, and the Trustee is entitled to recover from CN the value of such Preferential Transfers. 11 U.S.C. 547(b), 550, and 551.

## COUNT IV

### RECOVERY OF UNAUTHORIZED POST-PETITION PAYMENTS
### 11 U.S.C. §§ 549, 550, 551

25. The Trustee realleges and incorporates by reference the preceding paragraphs of this Complaint.

26. Pursuant to 11 U.S.C. § 549, the Trustee may avoid all transfers of property of the estate (a) that occur after commencement of the case; and (b) (i) that are authorized only under

section 303(f) or 542(c) of the Bankruptcy Code or (ii) that are not authorized under the Bankruptcy Code or by the Court.

27. The transfers of BAR freight revenue receivables to CN that occurred between the BAR Petition Date and the January 9, 2003 sale to MMA totaled $2,974,101 (the "Post-Petition Transfers"), were not authorized under the Bankruptcy Code or by the Court and are, therefore, recoverable by the Trustee under 11 U.S.C. §§ 549, 550 and 551.

## COUNT V

## SUIT ON ACCOUNT ANNEXED

28. The Trustee realleges and incorporates by reference the preceding paragraphs of this Complaint.

29. Property of the estate as defined in 11 U.S.C. § 541 to include "all legal or equitable interests of the debtor in property as of the commencement of the case," and "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(1), (7).

30. CN owes BAR and CDAC at least $301,081.49 for various goods and services, provided by BAR and CDAC, account statements of which are annexed hereto as Exhibit D (the "Debt").

31. CN owes at least $143,408.14 of the Debt to BAR, which constitutes property of the BAR Estate.

32. CN owes at least $157,673.35 of the Debt to CDAC, which constitutes property of the CDAC Estate.

33. The Debt constitutes accounts receivable of BAR and CDAC that are matured and payable on demand.

34. The Trustee is entitled to judgment in the amount of the Debt and turnover pursuant to 11 U.S.C. § 542.

WHEREFORE, the Trustee respectfully requests:

A. That the Court enter an order and judgment in his favor and against CN

(i) awarding the Trustee the amount by which the value of the interests transferred to CN pursuant to the Contracts exceeded $5 million, plus any and all additional damages recoverable on account of the fraudulent transfer;

(ii) awarding the Trustee the full value of the Preferential transfers and the Post-Petition Transfers under Code sections 547, 549, 550 and 551 in the amount of $3,496,892;

(c) awarding the Trustee at least $301,081.49 under Code sections 541 and 542 and other applicable law in respect of the Debt; (d) awarding the Trustee interest on such amounts; and

(e) awarding the Trustee counsel fees and expenses; and

B. That the Court grant the Trustee such further and additional relief as is just and appropriate under the facts and circumstances of this case.

Dated:  September 1, 2004                      Respectfully submitted,

JAMES E. HOWARD, Chapter 11 Trustee of Estate of Bangor And Aroostook Railroad Company and Canadian American Railroad Company

By His Attorneys:

VERRILL & DANA, LLP
One Portland Square
P.O. Box 586                                   /s/ *Andrew R. Sarapas*_____
Portland, ME  04112-0586                       Roger A. Clement, Jr., Esq.
207-774-4000 - Phone                           Andrew R. Sarapas, Esq.
207-774-7499 - Fax

P:\Bankr\32716\CN Contract Issues\Bankruptcy Court\ComplaintAvoidActionsFinal.doc

-9-